UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**CANDIDO BAEZ,**

**Plaintiff,**

**-v-**                                                         **9:01-CV-807**

**J. HARRIS, Deputy Superintendent, Shawangunk
Correctional Facility; DONALD SELSKY, Director
Special Housing Unit Program; and QUARTARONE,
Nurse, Shawangunk Correctional Facility,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

CANDIDO BAEZ
Plaintiff *Pro Se*
90-A-3203
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. ANDREW M. CUOMO, Attorney General for the  State of New York
MARIA MORAN, ESQ., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services, brought this action under 42 U.S.C. § 1983.  The amended complaint (Dkt. No. 49)

claims that defendants violated his constitutional rights under the Eighth and Fourteenth

Amendments.

Defendants' motion for summary judgment (Dkt. No. 75) was referred to United States

Magistrate Judge David R. Homer for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  Magistrate Judge Homer's Report and Recommendation (Dkt. No. 81) recommends that defendants' motion be granted in part and denied in part.

Plaintiff has submitted an objection (Dkt. No. 82) to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report and recommendation to which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

## DISCUSSION

Plaintiff objects to Magistrate Judge Homer's Report and Recommendation insofar as it recommends: (1) that all claims against Selsky be dismissed; and (2) that all Eighth Amendment claims be dismissed.

**(1) Claims against Selsky**

Plaintiff asserts Eighth and Fourteenth Amendment claims against Selsky.  Plaintiff objects to Magistrate Judge Homer's recommendation that they be dismissed.

The Court first addresses plaintiff's Eighth Amendment claims against Selsky.  Plaintiff's amended complaint may be read to assert a claim against Selsky based on the allegedly premature removal of plaintiff's bandages after hernia surgery.  In a Memorandum-Decision and Order entered on September 29, 2003 (Dkt. No. 29) the Court adopted Magistrate Judge Homer's recommendation (Dkt. No. 27) to dismiss without prejudice plaintiff's claims based on premature removal of the bandages because plaintiff had failed to exhaust this claim.  Plaintiff then filed a

grievance raising this issue.  The grievance was rejected as untimely, and that rejection was

affirmed on administrative appeal.  Accordingly, the claim remains unexhausted.  Plaintiff objects

to dismissal of this claim, arguing that he attempted to exhaust it.  The fact that plaintiff was

foreclosed from exhausting the claim due to the passage of time does not, without more, excuse

him from the administrative exhaustion requirement.  *See Williams v. Comstock*, 425 F.3d 175,

176 (2d Cir. 2005); *Baez v. Kahanowicz*, 2007 WL 102871, *7 (S.D.N.Y.).  Thus, the Court

agrees with Magistrate Judge Homer that plaintiff's Eighth Amendment claim based on removal

of his bandages must be dismissed for failure to exhaust his administrative remedies.  Further, the

Court agrees with Magistrate Judge Homer that, in any event, the claim lacks merit.  Accordingly,

to the extent that plaintiff asserts an Eighth Amendment claim against Selsky based on this

allegation, it is dismissed.

Plaintiff also appears to assert an Eighth Amendment claim against Selsky stemming from

plaintiff's allegedly premature removal from the hospital and subjection to a lengthy bus trip

when he needed immediate medical attention.  However, there is no basis to find that Selsky was

personally involved in these events.  To the extent that plaintiff asserts an Eighth Amendment

claim against Selsky based on this allegation, it is dismissed.

To the extent that plaintiff bases an Eighth Amendment claim on the conditions he

experienced in SHU, this Court agrees with Magistrate Judge Homer that as a matter of law

plaintiff's allegations fail to state such a claim.  *See generally Branch v. Goord*, 2006 WL

2807168, *5 (S.D.N.Y.).  Thus, all Eighth Amendment claims against Selsky are dismissed.

With respect to plaintiff's Fourteenth Amendment claims against Selsky, plaintiff's

objections state: "Defendant Selsky could have release[d] plaintiff sooner from SHU, but instead

waited until I submitted a C.P.L.R. Article 78 [petition] to change his decision and release me.

-3-

Defendant Selsky was put on notice sooner with my administration [*sic*] appeal to release me from SHU but chose not to."  Essentially, plaintiff asserts Fourteenth Amendment liability against Selsky stemming from the disciplinary hearing conducted by defendant Harris and Selsky's handling of plaintiff's appeal from Harris' determination.[1]

Selsky's affidavit in support of summary judgment states that he is the Director of the Special Housing/Inmate Disciplinary Program, and that he personally responds, as the Commissioner's authorized designee, to all Tier III appeals taken by inmates.  Under the circumstances of this case, the record is sufficient to withstand summary judgment on the issue of personal involvement.  *See, e.g., Gilbert v. Selsky*, 867 F.Supp. 159, 166 (S.D.N.Y.1994) ("If a supervisory official learns of a violation through a report or an appeal, but fails to remedy the wrong, that may constitute a sufficient basis for liability.").  Likewise, defendants are not entitled to dismissal of plaintiff's claim against Selsky based on plaintiff's confinement in SHU for one year.  *See generally Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).

**(2) Claims against Quartarone**

Plaintiff objects to Magistrate Judge Homer's recommendation that the Court dismiss plaintiff's Eighth Amendment claim against defendant Quartarone.  Insofar as this claim is based on Quartarone's allegedly premature removal of plaintiff's bandages after his hernia repair surgery, it is unexhausted as discussed above.

Plaintiff's other Eighth Amendment claims, based on his allegedly premature removal

---

[1]

In his objection, plaintiff also states: "My father addressed a letter to Mr. Selsky documenting the violations of my rights.  Therefore, [Selsky] is personally involve[d] because he was aware of the violation and never release[d] me from SHU[.]"  The receipt of a letter does not, however, constitute sufficient personal involvement to generate supervisory liability.  *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Garvin v. Goord*, 212 F.Supp.2d 123, 126 (S.D.N.Y. 2002).

from the hospital and bus transfer, do not allege any involvement on the part of Quartarone.  The

sole named defendant allegedly involved in these events is Forte; however, all claims against him

have been dismissed (Dkt. No. 79).  Accordingly, all claims against Quartarone are dismissed.

## CONCLUSION

It is therefore

ORDERED the Court accepts and adopts the Report and Recommendation (Dkt. No. 81)

of United States Magistrate Judge David R. Homer, except insofar as it recommends dismissal of

the Fourteenth Amendment claims as against Selsky; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 75) is granted in

part and denied in part; and it is further

ORDERED that dismissal of all claims against defendant Quartarone is granted; and it is

further

ORDERED that dismissal of plaintiff's Eighth Amendment claims against defendant

Donald Selsky is granted; and it is further

ORDERED that dismissal of plaintiff's Fourteenth Amendment claims against Donald

Selsky is denied; and it is further

ORDERED that dismissal of plaintiff's claims against J. Harris is denied.

IT IS SO ORDERED.

February 7, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge