UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
===============================================================

CANDIDO BAEZ,

                Plaintiff,

v.                                                  01-CV-0807 (NPM)

J. HARRIS, Deputy Superintendent,
Shawangunk Correctional Facility;
DONALD SELSKY, Director,
Special Housing Unit Program,

                Defendants.
===============================================================

APPEARANCES                                  OF COUNSEL

Howrey LLP                                 Erik T. Koons, Esq.
Attorneys for Plaintiff                 James F. Hibey, Esq.
1299 Pennsylvania Avenue NW     Richard E. DiZinno, Esq.
Washington, DC   20004-2402

New York State Attorney General's Office   Timothy P. Mulvey, Esq.
Attorney for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York       13204

Neal P. McCurn, Senior U.S. District Judge

## SUMMARY ORDER

     On November 2, 2007, after a four day trial, a jury found both defendants liable for violating Plaintiff Baez's due process rights in this 42 U.S.C. § 1983

action.  The jury awarded Baez $5,000.00 in compensatory damages, and an additional $5,000.00 in punitive damages.  Both damage awards were solely against defendant Jimmie Harris.  The Clerk entered judgment for Mr. Baez in the amount of $10,000.00 on that date.

Baez now comes before the court seeking $15,000.00 in attorneys' fees as a prevailing party in this § 1983 action, pursuant to 42 U.S.C. §§ 1988(b) and 20003-5(k), and the Prisoners Litigation Reform Act ("PLRA").  Section 1997(e)(d)(1) of the PLRA authorizes attorneys' fees to the extent that "(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and (B)(I) the amount of the fee is proportionally related to the court ordered relief for the violation; or (B)(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation."  Section 1997(e)(d)(2) of the PLRA limits attorneys' fees to one hundred and fifty percent (150%) of the money judgment.  42 U.S.C. § 1997 (West 2007).

Having prevailed on behalf of Baez, the court finds that Howrey is entitled to its statutory attorneys' fees pursuant to 42 U.S.C. § 1997e(d)(3) and 18 U.S.C. § 3006A.  Although the court finds that the total attorneys' fees generated by Attorneys Koons and DiZinno based on the hours expended far exceeds the amount they are seeking herein, the PLRA limits that amount to 150% of the

damage award, or $15,000.00.  The court hereby awards attorneys' fees to Baez in the amount of $15,000.00.

SO ORDERED.

December 18, 2007
Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge